UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO VAUGHN,

               Petitioner,

               v.                        CAUSE NO.: 3:18-CV-545-PPS-MGG

WARDEN,

               Respondent.

## OPINION AND ORDER

Antonio Vaughn, a prisoner without a lawyer, filed a habeas corpus petition

pursuant to 28 U.S.C. § 2254 challenging the prison disciplinary hearing (ISP 18-02-249)

where a Disciplinary Hearing Officer (DHO) found him guilty of Intoxicants on

February 22, 2018, in violation of Indiana Department of Correction (IDOC) offense

code B-231 and sanctioned him with the loss of 60 days Earned Credit Time and

demotion from Credit Class 1 to Credit Class 2. ECF 1 at 1.

Vaughn argues there was not sufficient evidence to find him guilty. In the

disciplinary context, "the relevant question is whether there is any evidence in the

record that could support the conclusion reached by the disciplinary board."

*Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). This isn't a tall order, and stated

differently:

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof
> will suffice, so long as the record is not so devoid of evidence that
> the findings of the disciplinary board were without support or

otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Importantly, even a conduct report from a prison officer alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)

An inmate violates the prison rule against Intoxicants, B-231, by "Making or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." ECF 6-9 at 7. Here, the Conduct Report charged Vaughn as follows:

> On 2/17/2018 at approx. 8:40 pm, I, Ofc. J. Cook, was shaking down Offender Vaughn, D.O.C. # 173839, CCH 406 West; with Ofc. R. Matthews when I, Ofc. J. Cook, found 3 containers full of alcohol like substance. After testing the containers with the Alco tester the substance tested for high levels of alcohol.

ECF 6-1 at 1. This report alone is sufficient to have found Vaughn guilty. *McPherson*, 188 F.3d at 786. The conduct report is written by the officer who found three containers of alcohol while shaking down Vaughn. He tested the alcohol and it tested positive for high levels of alcohol.

Vaughn argues the confiscation report does not say that a plastic bag full of alcohol was found in a bucket. He argues a photo shows testing being done on alcohol in a plastic bag on the 118th even though the conduct report says it was tested on the 17th. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the

evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786 (quotation marks omitted).

It is possible the confiscation report was incomplete. It is possible the alcohol was tested more than once. It is possible the dates are incorrect. It is not for this court to resolve these questions. Vaughn was able to present these arguments to the DHO. It was not arbitrary for the DHO to have found him guilty based on the conduct report which unequivocally says Vaugh was found with alcohol. The small irregularities alleged by Vaughn do not undermine the fundamental holding and soundness of the guilty finding.

If Vaughn wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Antonio Vaughn leave to proceed in forma pauperis on appeal.

SO ORDERED on September 25, 2019.

/s/ Philip P. Simon
PHILIP P. ISMON, JUDGE
UNITED STATES DISTRICT COURT